## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL CHARLES BAILEY,

     Plaintiff,

v.                         No.

BETH MOHR, and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

## DEFENDANT BETH MOHR'S ANSWER TO COMPLAINT
## FOR PERSONAL INJURIES

Defendant Beth Mohr ("Defendant"), answers Plaintiff's Complaint for Personal Injuries ("Complaint") as follows:

1.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore deny the same.

2.     Defendant admits the allegation contained in paragraph 2 of Plaintiff's Complaint.

3.     Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.     Defendant admits the allegation contained in paragraph 4 of Plaintiff's Complaint.

5.     Defendant admits the allegation contained in paragraph 5 of Plaintiff's Complaint.

6.     In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits the accident at issue occurred on September 27, 2018, admits that Plaintiff was traveling northbound on Carlisle Boulevard NE in Albuquerque, New Mexico, is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7.     Defendant admits the allegation contained in paragraph 7 of Plaintiff's Complaint.

8.     Defendant denies the allegation contained in paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits the allegation contained in paragraph 9 of Plaintiff's Complaint.

10.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11.     Defendant admits the allegation contained in paragraph 11 of Plaintiff's Complaint.

12.     In response to Paragraph 12 of the Complaint, Defendant states that this Paragraph states a legal conclusion and, therefore, does not require an answer.  To the extent that a court may construe Paragraph 12 as making allegations that would give rise to liability against Defendant, they are denied.

### RESPONSE TO COUNT I: CLAIM FOR NEGLIGENCE AND NEGLIGENCE PER SE AS TO DEFENDANT BETH MOHR

13.     In response to the allegations contained in paragraph 13 of Plaintiff's Complaint, Defendant incorporates her answers to paragraphs 1 through 12 as though fully set forth herein.

14.     In response to Paragraph 14 of the Complaint, Defendant admits that it is the duty of every operator of a vehicle to exercise ordinary care, at all times, to prevent an accident, and denies any remaining allegations.

15.     Defendant denies the allegation contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegation contained in paragraph 16, including all subparts, of Plaintiff's Complaint.

17.     Defendant denies the allegation contained in paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegation contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant admits the allegation contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits the allegation contained in paragraph 20 of Plaintiff's Complaint.

21.     In response to Paragraph 21 of the Complaint, Defendant states that this Paragraph states a legal conclusion and, therefore, does not require an answer.  To the extent that a court may

construe Paragraph 21 as making allegations that would give rise to liability against Defendant, they are denied.

22.     Defendant denies Plaintiff's request for judgment and damages.

## AFFIRMATIVE DEFENSES

1.     No party should be held responsible for more than their proportionate share of fault pursuant to the Doctrine of Pure Comparative Fault.

2.     Plaintiff's recovery should be reduced to the extent he has failed to mitigate his damages.

3.     Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

4.     Plaintiff has failed to join and serve a named defendant.

5.     Plaintiff may have failed to properly serve Defendant.

6.     Defendant is not responsible for any alleged injuries and damages pre-existing the incident alleged in the complaint.

7.     Defendant is not responsible for any alleged injuries and damages occurring after the incident alleged in the complaint.

8.     Defendant reserves the right to assert additional affirmative defenses as this case progresses through discovery.

WHEREFORE, having answered Plaintiff's Complaint, Defendant asks for dismissal, her costs, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MILLER STRATVERT P.A.**

By:   */s/ Max A. Jones*
      Max A. Jones
      500 Marquette NW, Suite 1100
      Albuquerque, New Mexico 87102
      Telephone: (505) 842-1950
      Email:  mjones@mstlaw.com
      *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of June, 2021, a copy of the foregoing was electronically filed through the CM/ECF system, and that a copy of the foregoing was sent via email to the following:

**ATTORNEYS FOR PLAINTIFF**
Nicholas A. Norden
Norden Leacox, PLLC
801 N. Magnolia Ave., Suite 309
Orlando, FL 32803
Phone:  407-801-3000
Fax:  407-612-7603
nicholasefiling@nordenleacox.com-efiling
nnorden@nordenleacox.com


*/s/ Max A. Jones*
Max A. Jones


\\Abq-tamarack\ProData\000064-052000\Pleadings\4304432.docx